UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIAS A. WORKNEH,

                          Plaintiff,

- against -

SUPER SHUTTLE INTERNATIONAL, INC.,
VEOLIA TRANSPORT, and NEW YORK CITY
AIRPORTER,

                          Defendants.

**OPINION AND ORDER**

15 Civ. 3521 (ER)

Ramos, D.J.

    *Pro se* plaintiff Elias A. Workneh brings this suit against defendants Super Shuttle International, Inc. ("Super Shuttle"), Veolia Transport ("Veolia"), and New York City Airporter ("Airporter," and collectively "Defendants"), alleging employment discrimination on the basis of his race, color, and national origin, and retaliation for complaining about said discrimination, all in violation of the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), and violations of the Family Medical Leave Act ("FMLA"). Pending before the Court is Defendants' motion to dismiss Plaintiff's FMLA claim, as plead in his Third Amended Complaint ("TAC"). Doc. 99. For the reasons set forth below, Defendants' motion to dismiss Plaintiff's FMLA claim is GRANTED. Plaintiff will not be given another opportunity to replead his FMLA claim.

**I.    Background**

    The Court presumes familiarity with its Opinion and Order filed on September 30, 2016 (the "September 30 Order"), Doc. 68, and its Opinion and Order filed on March 28, 2017 (the

"March 28 Order"), Doc. 88, which detail the facts and procedural history of this case, and discusses here only those facts necessary for its disposition of the instant motion.[1]

Plaintiff asserts that Defendants violated the FMLA on three occasions from January through July 2013 by directing him to report to work while he was sick. TAC at 20–22.[2] First, he alleges that in January 2013, he requested sick leave via text message, but was scheduled to work and did report to work while taking over-the-counter medications. *Id*. at 20.

Second, Plaintiff alleges that in February 2013, he spent one night at the hospital "with a serious health condition" and the doctor ordered him to stay home for more than two weeks to recover.[3] *Id*. at 20, 23. According to Plaintiff, he requested time off, but was nonetheless directed to report to work. *Id*. at 20. When he reported to work, he provided his supervisors with a doctor's note and a copy of medications he was prescribed to show that "he was in serious health condition." *Id*. However, while he was on leave, he was directed late one evening to open the facility at 4:30 a.m. *Id*. He called his supervisors to remind them of his status but did not receive a call back, so he reported at 4:30 a.m. to open the facility, and then called to have another supervisor replace him because he was on medication. *Id*. at 21. He left that day at 8:00 a.m. *Id.*

---

[1] As the Court previously noted, Plaintiff's submissions are poorly organized and difficult to understand. However, the Court remains obligated to construe a *pro se* complaint liberally, *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and to interpret a *pro se* plaintiff's claims as raising the strongest arguments that they suggest. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

[2] Due to Plaintiff's failure to number the paragraphs of the TAC consistently, the Court will refer to the pagination of the filing on the ECF system.

[3] As was the case with his prior submissions, at no time does Plaintiff describe the exact nature of his illness or diagnosis.

Third, Plaintiff alleges that in July 2013, he was asked if he could postpone his vacation by one week. *Id*. He said that he could not because his vacation coincided with his "post-surgery appointment." *Id*. It was during that vacation that he was terminated. *Id*.

## II. Procedural History

Plaintiff filed his initial Complaint on April 24, 2015 ("Compl."). Doc. 2. It alleged that Defendants discriminated against him on the basis of his race, color, and national origin by (1) failing to promote him; (2) retaliating against him; (3) terminating him; and (4) creating a hostile work environment, all in violation of Title VII and the New York City Human Rights Law ("NYCHRL"). Compl. at 1-3. He also alleged a violation of the FMLA. *Id*. at 3. The Complaint only named Super Shuttle and Airporter as defendants, and did not request a trial by jury. *Id*. at 1. On June 19, 2015, prior to Defendants being served, Plaintiff filed a "Notice of Motion to Amendment," seeking leave to amend the Complaint to add Veolia as a defendant, to request a trial by jury, and to allege a violation of the New York State Human Rights Law ("NYSHRL"). Doc. 9. The Court granted the motion at a hearing on December 8, 2015, and the Amended Complaint was docketed on December 11, 2015. Doc. 28.

Defendant Super Shuttle moved to dismiss the Amended Complaint on January 12, 2016, Doc. 31, and Defendants Veolia and Airporter moved to dismiss on August 15, 2016. Doc. 61. In its September 30 Order, the Court dismissed Plaintiff's Title VII discrimination claims against defendant Super Shuttle with prejudice because Plaintiff failed to bring suit within 90 days of the issuance of the right to sue letter by the EEOC. *See* Doc. 68, at 10-11. The Court also determined that Plaintiff had adequately pleaded his retaliation claim, but dismissed the NYSHRL, NYCHRL, and FMLA claims without prejudice. *Id*. at 19-20.

Plaintiff filed a Second Amended Complaint ("SAC") on November 4, 2016, and Defendants moved to dismiss Plaintiff's NYSHRL, NYCHRL, and FMLA claims. Doc. 74. In its March 28 Order, the Court determined that Plaintiff had met the "exceedingly low" bar of demonstrating a plausible minimal inference of discrimination based on race, color, and national origin, and denied Defendants' motion to dismiss the discrimination claims. Doc. 88. at 7. However, the Court dismissed Plaintiff's FMLA claim because Plaintiff failed to provide any information concerning the condition that he suffered from, much less that it was a "serious medical condition" as required by the FMLA. Doc. 88 at 12–13. Plaintiff repleaded his FMLA claim in a Third Amended Complaint ("TAC") filed on May 30, 2017, Doc. 93, and Defendants moved to dismiss on July 12, 2017. Doc. 99.[4]

## III. Legal Standard

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

---

[4] Plaintiff filed two separate documents labeled as "Third Amended Complaint" on the docket. Doc. 92, 93. The substance of the two documents is identical. Accordingly, the Court will only refer to Document 92 as the operative Third Amended Complaint and will direct the Clerk of the Court to strike Document 93 from the docket.

at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

The question in a Rule 12 motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 278 (2d Cir. 1995)) (internal quotation marks omitted). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits,'" and without regard for the weight of the evidence that might be offered in support of Plaintiff's claims. *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)).

The same standard applies to motions to dismiss *pro se* complaints. *See Zapolski v. Federal Republic of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011). While the Court is duty-bound to construe a *pro se* complaint liberally, *Curcione*, 657 F.3d at 122, "even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level. *Jackson v. N.Y.S. Department of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). A *pro se* plaintiff's pleadings still must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 566 U.S. at 678. A complaint that "tenders naked assertion[s] devoid of further enhancement" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also*

*Triestman*, 470 F.3d at 477 ("[*P*]*ro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Additionally, "[a] district court deciding a motion to dismiss *may* consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (emphasis added).

**IV.    Discussion**

In order to establish a *prima facie* case for interference under the FMLA, Plaintiff must establish: "1) that he is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that he was entitled to take leave under the FMLA; 4) that he gave notice to the defendant of [his] intention to take leave; and 5) that he was denied benefits to which he was entitled under the FMLA." *Graziadio v. Culinary Institute of America*, 817 F.3d 415, 424 (2d Cir. 2016); *Kennebrew v. N.Y. City Hous. Auth.*, No. 01 Civ. 1654, 2002 WL 265120, at *19 (S.D.N.Y. Feb. 26, 2002) (Peck, Magistrate J.) (quoting *Santos v. Knitgoods Workers' Union*, No. 99 Civ. 1499, 1999 WL 397500, at *3 (S.D.N.Y. June 15, 1999) (Jones, J.)).

The FMLA entitles covered employees to take up to twelve weeks of leave per year to care for a spouse, parent, or child that has a "serious health condition," or for the employee's own serious health condition that makes the employee unable to perform the functions of his or her position. 29 U.S.C. §§ 2612(a)(1)(C), (a)(1)(D), (b). "The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); *see also Higgins v. NYP Holdings*, 836 F. Supp. 2d 182, 193 (S.D.N.Y. 2011) (noting that a serious health condition is one that involves inpatient treatment or continuing care). The U.S. Department of Labor ("DOL") has promulgated

6

regulations that clarify the term "serious health condition." *Roberts v. Human Development Association*, 4 F. Supp. 2d 154, 158 (E.D.N.Y. 1998). For example, DOL regulations provide that a serious health condition involving inpatient care requires an overnight stay in a hospital, hospice, or residential medical care facility. 29 C.F.R. § 825.114.

In its March 28 Order, the Court dismissed Plaintiff's FMLA claim because he failed to include any information concerning the condition that he suffered from, much less indicate that it was a "serious health condition" as defined by the statute. Doc. 88 at 12–13. In his latest complaint, Plaintiff attempts to cure this deficiency by asserting that he spent a night at the hospital and experienced a "period of incapacity" that required him to stay home for more than two weeks. TAC at 23. While Plaintiff does not provide specific dates, his factual allegations elsewhere in the TAC make clear that his overnight hospital stay and two-week period of incapacity were related to his February 2013 request for sick leave. *See* TAC at 20 (alleging that in February 2013, he went to the hospital with a serious health condition and that the doctor ordered him to stay home for more than two weeks to recover). As in his prior complaints, Plaintiff fails to indicate whether his three requests for leave arose from the same health condition or were related in any way. Accordingly, the Court must analyze the requests separately; if the Court determines, for example, that Plaintiff sufficiently alleges a serious health condition in connection with his February 2013 request, it must independently determine whether he also sufficiently alleges a serious health condition in connection with his July 2013 request without taking into account Plaintiff's February 2013 health condition.

Defendants contend that Plaintiff's FMLA claim does not meet the liberal pleading standard because he does not identify the nature of the health conditions he suffered and does not provide details regarding the substance or length of his medical treatment. Defs.' Mem. at 6.

7

Defendants also contend that Plaintiff's claims that Defendants violated the FMLA in connection with his January and February 2013 requests for sick leave are time-barred. *Id*. at 7–8. As Defendants point out, the FMLA provides for a two-year statute of limitations for standard violations and a three-year statute of limitations for willful violations. *See* 29 U.S.C. § 2617(c). Plaintiff commenced the instant action on April 24, 2015—more than two years after his January and February 2013 requests for sick leave—and does not allege that Defendants' actions were willful. *See* Doc. 93.

With respect to his January 2013 request, Plaintiff does not allege that he had a serious health condition. Indeed, he fails to allege that he suffered *any* health condition; he merely states that he requested sick leave in a text message, that Defendants denied his request for sick leave, and that he took over-the-counter medication and went to work. *See* TAC at 20. Because he fails to provide any allegations that he had a serious health condition, his FMLA claim based on his January 2013 request is without merit.

With respect to his February 2013 request, Plaintiff does allege that he suffered a serious health condition: he alleges that he spent a night in the hospital and was incapacitated for two weeks. *See* TAC at 20–21, 23. As stated, inpatient care—defined as an overnight stay in a hospital—is sufficient to establish a serious health condition under the FMLA. *See* 29 U.S.C. § 2611(11)(A)(B); 29 C.F.R. § 825.114. Because he alleges an overnight hospital stay, Plaintiff's TAC sufficiently alleges that his February 2013 request was related to a serious health condition. However, Plaintiff's FMLA claim based on this particular request is time-barred. He brought this action more than two years after Defendants allegedly denied his request, and fails to allege that he is entitled to a three-year statute of limitations on account of Defendants' willful actions. Accordingly, his claim is untimely and, as such, must be dismissed.

Finally, with respect to his July 2013 request, Plaintiff alleges that he requested sick leave because he had a post-surgery appointment. TAC at 21. While this particular claim is timely, Plaintiff does not sufficiently allege that he had a serious health condition. Plaintiff does not allege that he received inpatient care in connection with his July 2013 health condition. Thus, in order to come within the FMLA's protection, he must allege that his condition falls within the "continuing treatment" alternative of the "serious health condition" definition. DOL regulations outline five categories of such conditions: (1) incapacity and treatment, (2) pregnancy or prenatal care, (3) chronic conditions, (4) permanent or long-term conditions, and (5) conditions requiring multiple treatments. *See* 29 C.F.R. § 825.115(a)-(e). Plaintiff's allegation that he had a post-surgery appointment—and its implication that he had surgery in the first place—does not remotely indicate that his July 2013 condition falls within any of the five categories of "continuing treatment." Plaintiff does not allege facts suggesting that he experienced any of the first four conditions—incapacity, pregnancy, or chronic or permanent conditions. Moreover, DOL regulations provide that the fifth category— "conditions requiring multiple treatments"— must involve either "restorative surgery after an accident or other injury" or "a condition that would likely result in a period of incapacity of more than three consecutive, full calendar days in the absence of medical intervention or treatment." *Id*. Plaintiff does not allege that his surgery was "restorative" or that he had a condition that would likely lead to incapacity of any kind. Therefore, Plaintiff's claim that Defendants violated the FMLA by forcing him to work after he requested sick leave in July 2013 is unavailing because he fails to allege that he had a serious health condition at that time.

Because Plaintiff fails to sufficiently plead that his January 2013 and July 2013 requests for sick leave arose from serious health conditions, and his February 2013 claim is time-barred, Defendants' motion to dismiss Plaintiff's FMLA claim is GRANTED.

## V. Leave to Amend

The Second Circuit has instructed courts not to dismiss a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shabazz v. Bezio*, 511 F. App'x 28, 30 (2d Cir. 2013) (internal quotation marks and citation omitted). The Court has granted Plaintiff three opportunities to amend his FMLA claim and he has failed to cure the deficiencies. Accordingly, Plaintiff's FMLA claim is dismissed with prejudice.

## VI. Conclusion

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's FMLA claim is GRANTED and Plaintiff will not be granted leave to amend the claim. Accordingly, the matter will go forward only with respect to Plaintiff's retaliation and discrimination claims. The parties are directed to appear for a status conference on January 31, 2018 at 11:30am. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 99, and to strike Doc. 93 from the docket.

It is SO ORDERED.

Dated: December 27, 2017
       New York, New York

                                                  Edgardo Ramos, U.S.D.J.
                                                  United States District Judge